IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAWN STAPLETON, as a personal Representative of the Estate of Joshua Stapleton and Jaqueline Louise Stapleton | § § § § § | |
| **Plaintiffs** | § § | |
| Vs | § § | Civil Action No. 7:23-CV-00069 |
| ERNESTO LOZANO, JUSTIN LEE BECERRA, CESAR SOLIS AND, THE CITY OF PROGRESO, TX et. al | § § § § § | |
| **Defendants** | § | |

**DEFENDANT CITY OF PROGRESO'S
RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
==================================================================

MAY IT PLEASE THE COURT:

DEFENDANT, THE CITY OF PROGRESO, TEXAS hereby moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) based on the Fifth Circuit's determination that Plaintiffs failed to plead a predicate Constitutional violation.

### I. NATURE OF THE CASE

1. The underlying lawsuit arises out of the custodial death of Joshua Lyman Stapleton. As alleged in the Complaint, Stapleton was arrested on February 26, 2021 for erratic driving while within the jurisdiction of the City of Progreso, Texas. The arresting officer was Progreso Police Officer Ernesto Lozano. Police Chief Cesar Solis stopped at the scene to assist Officer Lozano. Officer Lozano transported Stapleton and his passenger, Michael Guerrero, to the Progreso Police Department where Stapleton and Guerrero were placed in a holding cell. Officer Justin Becerra observed Stapleton and Guerrero briefly at the jail.

2. Stapleton died a few hours after arriving at the jail from combined drug toxicity.

### II. THE FIFTH CIRCUIT DECIDED AS A MATTER OF LAW THAT PLAINTIFFS FAILED TO PLEAD A CONSTITUTIONAL VIOLATION

3. Plaintiffs filed the instant action on February 23, 2023, against the City of Progreso, Chief Solis, Officer Lozano and Officer Becerra. Plaintiffs incorporated into their pleading the video of

Stapleton and Guerrero at the jail, as well as Stapleton's police and medical reports. Plaintiffs alleged that all defendants deprived Stapleton of his Constitutional right to due process.

4. In reviewing the officers' assertion of qualified immunity, the Fifth Circuit in this case explained that:

> Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees have a constitutional right "not to have their serious medical needs met with deliberate indifference." *Kelson*, 1 F.4th at 417 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)). "[A] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Sims v. Griffin*, 35 F.4th 945, 949 (5th Cir. 2022) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006)). To succeed on a deliberate-indifference claim, the plaintiff must show that the officer: "(1) subjectively knew of a substantial risk of serious harm to the detainee; and (2) responded to that risk with 'deliberate indifference.'" *Ford v. Anderson Cnty.*, 102 F.4th 292, 307 (5th Cir. 2024) (quoting *Cope*, 3 F.4th at 206–07). The plaintiff must also demonstrate that "substantial harm" resulted from that conduct. *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020).

*Stapleton v. Lozano, et al.*, 125 F.4th 743, 749 (5th Cir. 2025).

5. The Court went on to say that "An officer's failure to immediately recognize ambiguous symptoms as a medical emergency does not amount to deliberate indifference, although it might constitute negligence." *Id*. The Court cited its previous decisions in *Tamez v. Manthey*, 589 F.3d 764, 771 (5th Cir. 2009), *Trevino v. Hinz*, 751 Fed. App'x. 551, 555 (5th Cir. 2018), and *Estate of Allison v. Wansley*, 524 F. App'x 963, 972 (5th Cir. 2013) as examples of the law that failing to differentiate between ambiguous symptoms and medical emergencies is not a Constitutional violation.

6. The Court observed that the pleadings here reflected that Stapleton displayed ambiguous symptoms that were not indicative of a medical emergency:

> Here, Stapleton's symptoms were initially ambiguous. His eyes were bloodshot, his speech was slurred, and he was "visibly swaying and slightly unsteady on his feet" when he arrived at the jail. Stapleton later knelt on the floor, leaned over his folded legs, and began rocking back and forth. This behavior did not suggest a "need for immediate medical attention." *Tamez*, 589 F.3d at 771. Even Guerrero, who was in the same holding cell, remained unaware of Stapleton's condition for about an hour until he tried to pick Stapleton up by his arms and realized that he could not stand.

125 F.4th at 750.

7. Consequently, **the Court found that the officers were not deliberately indifferent to a serious medical need, therefore, Stapleton's Constitutional rights were not violated by any of the officers**. *Id*. at 750-52 (emphasis added). More specifically, the Court held that,

> "Even taking all facts in the light most favorable to the Stapletons, the facts alleged do not rise to level of 'wanton disregard' and deliberate indifference to Stapleton's serious medical needs. The Stapletons did not sufficiently allege a deliberate indifference claim against Officer Lozano … Even taking all facts in the light most favorable to them, the Stapletons did not sufficiently allege a deliberate indifference claim against Officer Becerra … Even taking all facts in the light most favorable to the Stapletons, the facts they allege do not reflect that Chief Solis acted with deliberate indifference to Stapleton's serious medical needs."

125 F.4TH at 750-52.

8. The Court also rejected Plaintiffs' attempt to plead a failure to train claim, in part because they failed to plead the existence of a Constitutional violation, as discussed *supra*. The Court explained that:

> The Stapletons' complaint does not establish the third prong of the failure-to-train claim for two reasons. First, "[this] test cannot be met if there is no underlying constitutional violation." *Rios*, 444 F.3d at 425. *See also Breaux*, 205 F.3d at 161 ("[T]he fact that Plaintiffs' First Amendment rights were not actually infringed exonerates [the supervisor] from supervisory liability."). **As discussed, the officers did not demonstrate a "wanton disregard for any serious medical needs."** *Domino*, 239 F.3d at 756 (5th Cir. 2001) (internal quotation marks omitted) (quoting *Johnson*, 759 F.2d at 1238). **They did not violate Stapleton's constitutional rights.** (emphasis added)
>
> Second, the Stapletons alleged no "pattern of similar constitutional violations by untrained employees." *Connick*, 563 U.S. at 62, 131 S.Ct. 1350. The Stapletons allege that "Chief Solis had a policy of failing to adequately monitor inmates and ignoring their needs," and "all inmates held at the Progreso jail would be left unsupervised for periods of time under the policy if the officers received other calls." Their allegation that a problematic policy exists—and that this policy could violate a detainee's constitutional rights—is not enough to overcome qualified immunity. The Stapletons do not allege or point to a pattern of similar constitutional violations within the Progreso Police Department, including officers' failure to monitor detainees, which amounted to deliberate indifference to detainees' serious medical needs, and resulting substantial harm. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*. at 62, 131 S.Ct. 1350.125 F.4TH at 754.

9. In sum, Plaintiffs failed to allege facts showing that Stapleton was deprived of his Due Process rights and failed to allege a viable failure-to-train claim. As a result, the individual defendants were granted qualified immunity and the claims against them dismissed. The

implication of the Fifth Circuit's decision on the remaining *Monell* claim against the City is significant—it forecloses Plaintiffs' ability to maintain a *Monell* claim against the City because a predicate Constitutional violation is required under *Monell* and, as a matter of law, is absent here.

### III. ARGUMENTS AND AUTHORITIES

**A.    The Rule 12(c) Standard**.

10.    The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

11.    In a Section 1983 claim against a governmental entity, the pleadings must allege facts showing "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Robinson v. Midland*, 80 F.4th 704, 709-10 (5th Cir. 2023) (citing *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (*Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

12.    Plaintiffs falter on the third element.

**B.    The Law-Of-The-Case Is That Plaintiffs Failed To Plead A Constitutional Violation.**

13.    The Fifth Circuit held that Plaintiffs failed to plead the existence of an underlying Constitutional violation. The Court's decision cannot be disturbed under the law-of-the-case doctrine.

14.    The law-of-the-case doctrine "dictates that 'a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court.'" *Franklin v. Regions Bank*, 125 F.4th 613, 629 (5th Cir. 2025) (quoting *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967)).

15.    This doctrine requires that a district court "abstain[] from reexamining an issue of fact or law that has already been decided on appeal." *Franklin*, 125 F.4th at 629 (quoting *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). The "proscription applies regardless of whether the issue was decided explicitly or by necessary implication." *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001).

### C. Absent A Predicate Constitutional Violation, Plaintiffs' *Monell* Claim Fails.

16. A *Monell* claim requires the existence of an underlying constitutional violation. As the Fifth Circuit has explained, "**without a predicate constitutional violation, there can be no *Monell* liability**." *Pipkins v. Stewart*, 105 F.4th 358, 360 (5th Cir. 2024) (quoting *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022))(emphasis added).

17. Here, the law-of-the-case is that there is no predicate Constitutional violation and this determination cannot be reexamined on remand. Because the same failed Constitutional claims brought against the individuals are the foundation for Plaintiffs' *Monell* claims against the City, the Court must find that there is no viable claim stated against the City.

18. Consequently, the CITY OF PROGRESO is entitled to judgment on the pleadings.

### CONCLUSION AND PRAYER

Because the Fifth Circuit has unequivocally determined that Plaintiffs' pleadings, including the video from the jail and key documents that Plaintiffs incorporated therein, fail to state a Constitutional violation, and because Plaintiffs' *Monell* claims against the City rest entirely on the same allegations that, as a matter of law, do not amount to Constitutional infractions, Plaintiffs' *Monell* claims against the DEFENDANT CITY OF PROGRESO fail as a matter of law. The Court should therefore grant DEFENDANT City of Progreso's Motion for Judgment on the Pleadings and dismiss each and every remaining claim asserted against it as a matter of law.

SIGNED on the 4th day of SEPTEMBER 2025.

Respectfully submitted,

*Kelly R. Albin*
KELLY R. ALBIN
S.D. ID NO. 3792304
State Bar No. 24086079
kralbin@rampagelaw.com

*Ricardo J. Navarro*
RICARDO J. NAVARRO
S.D. ID NO. 5953
State Bar No. 14829100
rjnavarro@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200

League City, Texas 77573
832- 632-2102
832-632-2132 (fax)

**ATTORNEYS FOR DEFENDANT
CITY OF PROGRESO, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure to all the persons and parties entitled to receive such service as referenced in the records of the Court on this the 4TH day of September 2025.

| | |
|---|---|
| Matthew S. Manning | **Via E-Filing** |
| Parker S. Webb | **Via E-Filing** |
| Charles C. Webb | **Via E-Filing** |
| WEBB CASON & MANNING, P.C. | |
| 710 Mesquite Street | |
| Corpus Christi, Texas 78401 | |
| ATTORNEYS FOR PLAINTIFFS | |

By: *Kelly R. Albin*
KELLY R. ALBIN
RICARDO J. NAVARRO